# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN KNIGHTLY, | ) |
|        Plaintiff, | ) 2:19-cv-00304-RJC |
| vs. | ) |
| CENTIMARK CORPORATION, | ) |
|        Defendant, | ) |

## MEMORANDUM ORDER OF COURT

Before the Court is the Motion to Compel Production of Documents (ECF No. 60) filed by Plaintiff Shawn Knightly ("Knightly"). Defendant CentiMark Corporation ("CentiMark") filed a Response in Opposition (ECF No. 65) to Knightly's Motion on March 12, 2020. This matter is now ripe for consideration.

Knightly seeks production of electronically stored information that Knightly avers is relevant to his claims that CentiMark manipulated data maintained in CentiMark's database to lower commission payments paid to Knightly. Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). With respect to electronically stored information, Federal Rule of Civil Procedure 26(b)(2)(B) further provides:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party

from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B). Rule 26(b)(2)(C) provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Knightly asserts that, at all relevant times, Knightly was a salaried and commission-based CentiMark employee who sold roofing projects. Pl.'s Mot. to Compel 1; Ex. 2 ¶ 5, ECF No. 60. Knightly claims that CentiMark manipulated data stored within CentiMark's database, which is used to calculate commission payouts, to avoid paying Knightly full commissions for specific jobs that Knightly had worked on. Pl.'s Mot. to Compel 1, ECF 60. Specifically, Knightly claims that CentiMark's database calculates job profitability, and that CentiMark modified records within the database to increase overhead costs for certain jobs and, thus, decrease profitability and commissions payouts. Pl.'s Br. in Supp 1, ECF No. 61. Knightly avers that CentiMark provided a "snapshot" of the types of changes that can be made over the course of a single job, but that the same does not track all changes that influence the final commission that is ultimately paid to an employee.[1] Id. at 1; Ex. 2B, ECF No. 60. Knightly seeks to compel relevant portions of

---

[1] Knightly avers that CentiMark has offered to provide information respecting changes to one variable, material costs, and not the other costs provided for in this "snapshot" such as costs for labor, subcontractors, freight, equipment rentals, and warranty repairs. Pl.'s Br. in Supp 3, ECF No. 61.

CentiMark's database that reveal all changes to the data inputs made to three specific jobs: 1) DoubleTree Hotel - Job ID: 2600099121, later changed to 2600099660; 2) HARCROS - Job ID: 2600098349; and 3) UNFI - Job ID 2600098012. *Id.* at 1.[2]

CentiMark avers that CentiMark's database, SAP R/3, utilizes a complicated resource planning software to calculate the commission that is ultimately paid to an employee, and that collecting the information at issue will take hundreds of man hours over a period of weeks. Def.'s Resp. in Opp. 2, ECF No. 65. CentiMark further avers that the output of such an endeavor would ultimately prove unintelligible to Knightly. *Id*. CentiMark also avers that individual employees cannot make changes to the overhead costs which are ultimately used to calculate commissions, and that overhead costs are not viewable in the "Data Tier" of CentiMark's database. *Id.* at 4-5.

Information contained within CentiMark's database pertaining to changes made to the factors and variables which influenced Knightly's commission payouts is clearly relevant to Knightly's claims that CentiMark manipulated the Dual Rate Commission Plan system to underpay Knightly. The fact that CentiMark utilizes a complicated resource planning software to calculate the commission that is ultimately paid to an employee does not excuse it from producing

---

[2] Specifically, Knightly seeks:

> 1. All rows stored within Defendant's Oracle / SAP database that relate to any tables that store histories, audits, tracking, edits or changes, in an electronic format, made to any job Plaintiff's earned a commission on in his last 3 years of employment that ultimately yielded a WebFOCUS report.
>
> 2. For the last 3 years of Plaintiff's employment with Defendant, please show the tracked changes of all rows within any tables that contain history, audits, logs and / or invoices within the Oracle / SAP database that calculated or reflected the commissions due to Plaintiff on each and every job he was eligible to earn a commission.
>
> 3. The portion of Defendant's Oracle database that would show all rows within tables that contain histories, audits, tracking, edits or changes, in an electronic format, made to any job Plaintiff's earned a commission on in his last 3 years of employment.

Pl.'s Br. in Supp 1-2, ECF No. 61

3

relevant evidence when an employee sets forth allegations that the calculation was done incorrectly or improperly. Because Knightly has established that the evidence he seeks is exceptionally relevant, and because CentiMark's arguments tend to establish that the information sought may not be available in any other format, the Court finds that there is good cause for the production at issue. While the Court appreciates that such production may prove burdensome to CentiMark, this burden is clearly outweighed by the clear relevance of the evidence at issue. The Court acknowledges the concern CentiMark has raised with respect to the ultimate intelligibility of the results of their efforts. In light of this concern, the Court shall direct production with respect to only one job at this time. This issue may be revisited following production and Knightly's review of the produced information.

Accordingly, for the reasons discussed above, upon consideration of Knightly's Motion to Compel Production of Documents (ECF No. 60), it is hereby ORDERED that the Motion is granted in part and denied without prejudice in part. CentiMark shall, within thirty (30) days of this Order, produce the portions of its database that reflect all changes made to the line items of the job identified as "DoubleTree Hotel - Job ID: 2600099121, later changed to 2600099660" that could have affected commissions due to Knightly. The Motion is denied without prejudice as to the other jobs at issue in Knightly's Motion. The Court encourages the parties to meet and confer, if desired, to discuss alternative methods of production of the underlying information Knightly seeks by way of the present Motion. In the absence of any agreement respecting such alternative methods, however, the above directive stands.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Court Judge

DATED: March 31, 2020
cc/ecf: All counsel of record